ABINTESTATO DE JUAN RABASSA, EX PARTE; ALFONSO VEGA, administrador judicial y apelante, y JOSÉ FELICIANO, acreedor y apelado.

No. 5046.—*Sometido:* Abril 10, 1930. *Resuelto:* Marzo 13, 1931.

*José Sabater,* abogado del apelante; *Oscar Souffront,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Bernard L. Levy, acreedor del finado Juan Rabassa, solicitó de la Corte de Distrito de Mayagüez el nombramiento de un administrador judicial. Este tomó posesión de ciertos efectos del difunto y los vendió bajo la dirección de la corte. Algún tiempo antes de la acción de Bernard L.

Levy, José Feliciano, otro acreedor, trabó pleito contra la sucesión de Rabassa, y obtuvo un embargo sobre efectos vendidos posteriormente por el administrador judicial. Feliciano intervino en el procedimiento de administración judicial, y alegó hechos demostrativos de una prelación. La corte de distrito falló a favor de la preferencia de Feliciano, y ordenó al administrador que no pagara dinero alguno hasta que fuera satisfecha la preferencia de Feliciano. El primer señalamiento es al efecto de que la corte erró al resolver que el administrador judicial actuó ilegalmente al tomar posesión de los bienes que pertenecían a Rabassa, y al venderlos. La orden final sencillamente impide al administrador que pague dinero alguno hasta que se satisfaga la prelación de Feliciano. Uno de los extremos suscitados por el apelante es que Feliciano, por medio de su abogado, tomó parte en la administración y en el inventario, actuó como perito o tasador en la valoración de los bienes, y fué uno de los licitadores en la venta en pública subasta, todo ello sin protesta alguna de su parte, y que no se mencionó su reclamación. Aparentemente, la idea es que Feliciano consintió la administración. Estamos de acuerdo con el apelado en que la anterior exposición de los actos u omisiones de Feliciano corresponde más bien al segundo señalamiento de error. Discutiendo este error más o menos en la forma en que el apelante lo señaló, podemos decir que en primera instancia probablemente nadie sabía el valor de la herencia, y Feliciano no creyó necesario dar paso alguno hasta que se efectuara la venta en pública subasta. El pudo haber asumido que estaba protegido por el gravamen de su embargo. La corte inferior resolvió, el apelado sostiene, y tal parece ser la ley, que una administración judicial no surte el efecto de una adjudicación en quiebra, ni hay nada que dé lugar a un prorrateo entre los acreedores. En la mayoría de los casos existe la presunción de que la sucesión es solvente.

En el segundo señalamiento de error se alega, en efecto,

946

que Feliciano estaba impedido por sus propios actos de alegar una preferencia. Según hemos indicado parcialmente, nada hallamos en los autos que sostenga esta contención. Feliciano tenía derecho a asumir que el administrador procedería de acuerdo con la ley y pagaría una deuda preferente. No podemos ver que importe algo el que al márshal o al administrador se le creara alguna dificultad con el silencio o la falta de gestión de Feliciano. Ni a los funcionarios ni a los acreedores se les puso en peor situación que la que habría surgido si Feliciano hubiera insistido en su preferencia en una etapa anterior de los procedimientos. No era menester tal insistencia.

*No encontramos que haya habido tal impedimento, ni error alguno en la actuación de la corte, y debe confirmarse la resolución apelada.*